**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:15-cv-00192-RBJ-CBS

TAWNY HIATT,

     Plaintiff,

v.

COLORADO SEMINARY, a Colorado Nonprofit Corporation,
ALAN KENT, and
JACARANDA PALMATEER,

     Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Under Rule 26(c) FED. R. CIV. P., IT IS ORDERED:

1.    This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), FED. R. CIV. P. A draft or non-identical copy is a separate document within the meaning of this term.

3.    Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the

preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

4. Pursuant to Judge R. Brooke Jackson's Practice Standards, the parties seek to restrict public access to certain types of confidential information. To the extent that such information cannot be filed in a redacted format, the parties agree to designate as "Confidential" documents containing the following information: (1) Social Security numbers, financial account numbers, residential addresses, and cellular phone numbers; (2) medical information regarding Plaintiff Tawny Hiatt ("Plaintiff"), Defendant Alan Kent, and/or Defendant Jacaranda Palmateer; (3) trade secrets and confidential proprietary information of Defendant Colorado Seminary ("DU") and its affiliates or subsidiaries. As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

5. A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is

promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      7. In addition to the information to which the parties seek to restrict public access, Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, employee duties and performance, employee discipline and promotions, personnel decisions and other documents related to the Plaintiff's employment with Defendant, and Defendant's general business practices, financial matters, and technical, strategic or other proprietary business information. All Confidential Information designated "Confidential" may be reviewed only by the following persons (subject to Paragraph 10 of this Order):

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c. the parties, including Plaintiff, Defendants and DU's Board of Directors, officers, management, and any advisory witnesses who are directly assisting said attorneys in the preparation of this case;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      e.      the Court, jurors and/or Court staff in any proceeding herein;

      f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.      deponents, witnesses or potential witnesses; and

      h.      other persons by written agreement of the parties.

8. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to schedule a mutually convenient time for a telephone conference with the Court as discussed in the Court's Practice Standards in order to request that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order.  If contact with the Court is timely made, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the issue. If the designating party fails to contact the Court within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information

shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

9. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential Information shall be destroyed or preserved by counsel in a manner which is fully consistent with the terms of this Stipulated Protective Order. At the end of the litigation (including any appeals), counsel will not be required to return the material.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 29th day of April, 2015.

BY THE COURT:

*Brooke Jackson*

_____

R. Brooke Jackson, District Court Judge

APPROVED:

s/ Charlotte N. Sweeney                     s/ Jim Goh
Charlotte N. Sweeney                         Jim Goh
Ariel B. DeFazio                             Dawn Amos
Sweeney & Bechtold LLC                       Constangy Brooks, Smith & Prophete LLP
650 S. Cherry St., Ste 650                   1625 17th St., 3rd Floor
Denver, Colorado 80246                       Denver, CO 80202
cnsweeney@sweeneybechtold.com                jgoh@constangy.com
abdefazio@sweeneybechtold.com                damos@constangy.com
Telephone: (303) 865-3733                    Telephone: (720) 343-7533

Attorneys for Plaintiff                      Attorneys for Defendants